## LYMAN DIKE *vs.* GEORGE STORY & others.

Under Gen. Sts. *c.* 124, §§ 9, 10, a special justice of a police court (except in Boston) is
authorized, in case of the disability of the justice, to take a recognizance from a person
arrested on mesne process, and at a time when the court is not in regular session.

A debtor who, having been arrested on mesne process after Gen. Sts. *c.* 124 had been
amended by *St.* 1860, *c.* 215, entered into a recognizance with condition to " deliver him-
self up for examination, giving notice in the manner required in and by the 124th chapter
of the Gen. Sts.," cannot perform the condition thereof by delivering himself up for
examination to a single justice of the peace and of the quorum.

*It seems* that a recognizance of a person arrested on mesne process, if taken before a special
justice of a police court, (not in Boston,) need not show on its face that the special justice
acted in the matter in consequence of the disability of the justice; but, if this is neces-
sary, an amendment of the recognizance, setting forth that fact, if the same appears to
be true, may be made by the special justice during the progress of the trial of an action
upon the recognizance.

CONTRACT upon a recognizance, taken on the 1st of April
1862, under Gen. Sts. *c.* 124, § 10, by Edmund Kimball, special
justice of the police court of Haverhill, with condition that the
defendant Story, who had been arrested on mesne process in
favor of the plaintiff, should within thirty days from the time
of his arrest " deliver himself up for examination, giving notice
in the manner required in and by the 124th chapter of the Gen-
eral Statutes," and making no default, and abide the final order
of the magistrate thereon. Nothing appeared in the recog-
nizance to show why the special justice acted instead of the
justice of the police court of Haverhill in taking it.

At the trial in the superior court, before *Ames,* J., without a
jury, Mr. Kimball, on motion of the plaintiff, was allowed to
amend his memorandum of the recognizance, by adding thereto,
after his signature, these words : " the standing justice of said
court being absent from town ; " and it was agreed that this
fact, if competent at this stage of the case and in this form,
was true. The defendants also objected that the police court
could not take such a recognizance except at a term or session
of court, and that the special justice could not act unless the
absence or other disability of the standing justice appeared of
record.

On the 22d of April the same magistrate, upon the application

of Story, appointed a time and place for his examination, and issued a notice to the plaintiff, and at the time and place appointed both parties appeared and the oath for the relief of poor debtors was administered by Jacob W. Reed, a justice of the peace and of the quorum, and Story was thereupon discharged.

Upon these facts the judge found for the plaintiff, and the defendants alleged exceptions.

*G. O. Shattuck,* for the defendants. The special justice had no authority to act. His office is carefully distinguished from that of the justice, in the statutes. Gen. Sts. *c.* 124, § 9; *c.* 116, §§ 3, 5, 6, 9, 22, 23. If a special justice ever has authority to act in such cases, the circumstances giving him authority should appear upon the face of the record. *Wingate* v. *The Commonwealth,* 5 Cush. 446, 450. *Bridge* v. *Ford,* 4 Mass. 641. *Granite Bank* v. *Treat,* 18 Maine, 340. *Dodge* v. *Kellock,* 13 Maine, 136. A recognizance cannot be amended. *Treasurer of Vermont* v. *Merrill,* 14 Verm. 64. *Venn* v. *Warner,* 3 Taunt. 263. *Anon.* 1 Moore, 126. *Bottomley* v. *Medhurst,* 13 Price, 591. *Grey* v. *Jefferson,* 2 Stra. 1165. *Fulwood* v. *Annis,* 3 B. & P. 321. There was nothing in this case to amend by, except the memory of the special justice. *Green* v. *Rennet,* 1 T. R. 782. *Russell* v. *McDougall,* 3 Sm. & Marsh. (Miss.) 248. *Walker* v. *Commissioners of Sinking Fund,* 1 Sm. & Marsh. (Miss.) 372. *Waldo* v. *Spencer,* 4 Conn. 71. *Bell* v. *Murphy,* 6 Watts & S. 50. *The State* v. *Fields,* Peck, (Tenn.) 140. *The State* v. *Smith,* 1 Nott & McCord, (S. C.) 13. Besides, it was too late. *Varnum* v. *Bissell,* 14 Pick. 191. *Commonwealth* v. *McNeill,* 19 Pick. 127. *Hutchinson* v. *Crossen,* 10 Mass. 251. *Hobbs* v. *Staples,* 19 Maine, 219. The condition of the recognizance was complied with by the debtor's delivering himself up to one justice of the peace. Gen. Sts. *c.* 124, §§ 1, 15.

*A. V. Lynde,* for the plaintiff.

DEWEY, J. 1. We have no doubt as to the proper construction of Gen. Sts. *c.* 124, § 9, and that by its provisions any justice of the police court is authorized to take the recognizance provided for by § 10. This duty may be performed by such

justice at other times than the regularly appointed sessions of the court, upon application by a debtor.

The next inquiry is, whether a special justice of the police court has authority to act under the provisions of this chapter. By the Gen. Sts. *c.* 116, § 3, it is enacted that, with the exception of the city of Boston, " there shall be one justice and two special justices of each of said courts." By § 22, " each court, except in Boston, shall be held by the justice ; but in case of his sickness, interest, absence or other disability, the special justice holding the oldest commission shall have the powers and perform the duties of the justice." Under this provision, a special justice may, in case of the disability of the justice, perform the same acts which the justice might, at times when the court is not in regular session. It is admitted to be the fact in the present case, if it is competent to prove it by other evidence than the record, that the justice was unable to take the recognizance by reason of absence. But it is insisted that this fact should be stated on the record.

In reference to regular sessions of the police court, it would seem to be necessary. It was expressly so required by the Rev. Sts. *c.* 87, § 31. It was so by the Gen. Sts. *c.* 116, § 22, as reported by the commissioners, and is now rendered obscure by the introduction by the legislature of an additional provision into the body of the section, to which it might be supposed that this provision as to an entry on the record solely applied ; but it will be found to be the same provision originally reported.

It is conceded that the record as to the taking of this recognizance, as originally certified by the special justice, had no statement of the cause of his acting on this occasion in the place of the regular justice ; but it appears that an amendment to the record originally certified was subsequently made, stating the cause, and the same was offered and allowed by the superior court. Two questions hereupon arise : 1. Was it necessary that this fact should appear on the record ? 2. Is an amendment stating the fact proper ?

We are aware of the great strictness which prevails as to recognizances, and especially of the rule that enough must

appear to show that the court had jurisdiction of the case. This, however, is applicable ratner to the jurisdiction of the court, and not to the authority of the individual acting as the official organ of the court.

But even in proceedings on recognizances taken in the ordinary course, at a regular session of the court, the copy of the record originally returned is not necessarily the whole case. In *Commonwealth* v. *McNeill*, 19 Pick. 128, the recognizance as first certified was insufficient to show the cause of its being taken, and an amendment was allowed, introducing new matter and materially changing the legal character of the recognizance. It is true that the materials for the amendment were assumed to exist in the papers of the case in which the recognizance was taken, but it was no less an amendment of the original recognizance filed in the court as the foundation of the action. As it seems to us, however, it is not necessary to consider the present recognizance in the same light as an ordinary recognizance taken in proceedings in court in a case there pending. Such recognizance has no validity as the foundation for an action until returned to and filed in some proper court authorized to take jurisdiction in a suit thereon. But the recognizance taken by the various officers designated in the statute on the occasion of the arrest of a debtor is not thus required to be returned and filed in any court, before an action can be commenced thereon. In reference to this class of recognizances, the fact is undoubtedly essential that the cause should exist authorizing a special justice to act in the matter, and to take such recognizance. Without going further, it may be safely asserted that, if such cause is not stated in the record, the creditor may prove that in fact no cause existed for the action of a special justice, the regular justice being in all respects qualified and ready to perform the duty. *Lang* v. *Bunker*, 1 Allen, 256.

In the present case the fact is admitted, if competent to be proved by oral evidence, that the case provided by statute existed, under which the specia. justice has jurisdiction. This being so, we are not prepared to say that this is not sufficient. But we see no objection to an amendment by the special justice,

adding to his former record the fact as to the cause of his taking the recognizance, the same being conformable to the truth as known by him at the time, and acted upon, and not contradictory to anything stated in the record of the recognizance originally returned.

2. The only remaining question is, whether there has been a breach of the recognizance. There has been, unless the proceedings before J. W. Reed were in conformity with the law, and legally discharged the debtor. The application of the debtor to the special justice to give notice to the creditor of his desire to take the oath was in conformity with Gen. Sts. *c.* 124, § 10 ; and the subsequent proceedings before Mr. Reed were in conformity with § 15 of the same chapter, as it was originally enacted. But this section had already been amended by *St.* 1860, *c.* 215, and a material change made in its provisions. Instead of the provision that any justice of the peace might take the examination and administer the oath to a poor debtor, *St.* 1860, *c.* 215, had repealed that clause, and in lieu thereof inserted as a substitute two justices of the quorum, so that a single justice of the peace, although a justice of the quorum, was not competent to take the examination and to discharge the debtor.

It was suggested, on the part of the defendants, that the debtor by his recognizance only stipulated to deliver himself up in the manner provided in Gen. Sts. *c.* 124. This is not strictly correct, as the words are, " to deliver himself up for examination, giving notice in the manner required in and by the 124th chapter of the General Statutes." The Gen. Sts. *c.* 124 had, to use the legislative phrase in *St.* 1860, *c.* 215, been amended by striking out in said section the words " any other magistrate " used in section 15th and inserting in place thereof, " some magistrate named in section 9th."

The effect of this was, as already stated, to repeal the provision authorizing a single justice of the peace to take the examination and discharge a poor debtor.

The rulings of the superior court furnish no ground for exception. *Exceptions overruled.*